IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>JAVEED MATIN ) | Case No. 13 CR 702<br>Hon. Sharon Johnson Coleman |

## SENTENCING MEMORANDUM AND OBJECTIONS TO PRE-SENTENCE REPORT

Now comes the Defendant, Javeed Matin, and submits the following Sentencing Memorandum and objections to the Pre-sentence Report in this matter.

**Objections to the Pre-Sentence Report**

There are no factual corrections to be made. However, an update on his physical condition is appropriate. On page 11, paragraph 57 of the PSR, it mentions that he has had pain in his right shoulder since February, 2015. Mr. Matin reports that the shoulder pain has increased, and he has restricted movement in his shoulder. For instance, he cannot move his hand in back for the purpose of being handcuffed without extreme pain. He is being given painkillers daily. He has seen by medical staff at the MCC and has been advised that he needs MRI tests and likely faces shoulder surgery. This is all in addition to his other medical conditions discussed in paragraph 57 and 58.

**Advisory Sentencing Guidelines**

In the written Plea Agreement in this case, the parties agreed Mr. Matin participated in a scheme to defraud a financial institution, and to obtain money and funds owned by and under the custody of a financial institution, by means of materially false

1

and fraudulent pretenses, representations and promises in violation of 18 U.S.C. 1344. More specifically, he used lines of credit to obtain a total of approximately $171,563 from three banks, and each of the lines of credit went into default.

The parties agree on the calculation of the advisory guidelines. There is a base offense level of 7, which is increased by 10 levels for the amount of loss. There is a two point enhancement for the use of sophisticated means, and another two point enhancement for being an organizer/leader. Mr. Matin received a 3 level reduction for timely acceptance of responsibility, resulting in a total offense level of 18. He has a Category I criminal history, resulting in an anticipated advisory guideline range of 27 to 33 months.

**18 U.S.C. §3553**

Under §3553, the Court must consider several factors after consulting the initial Sentencing Guidelines. These include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective matter;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

The task of the trial judge, then, is to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." *United States v. Galvez-Barrios*, 355 F.Supp.2d 958, 960 (E.D. Wis. 2005) (quoting 18 U.S.C. §3553(a)).

In this case, the advisory guidelines cover the nature and circumstances of the crime and the criminal history of the Defendant, as well as adequate general deterrence to criminal conduct. Restitution will be ordered in the amount of the loss amount. Sentencing disparities are not in issue here.

When Mr. Matin is released from custody, he has plans to work for the Alpha T-Shirt Company, owned by Mr. Shah Alam. This is a manufacturer in Bangladesh that markets its product internationally, including the United States. Mr. Matin will be an employee of that company, unlike the situation in this case in which he was the principal of the companies involved. Admittedly, this is the industry in which Mr. Matin worked for much of his life, and admittedly is the industry in which he committed the crimes herein. It is also the industry in which he has knowledge and employment qualification, and the most appropriate industry for employment. However, he will not have an ownership interest and he will not be involved in the financing aspects of the company. As such, he will not be in a position to commit the crimes which are the subject of this case, minimizing the need for specific deterrence. Mr. Matin's responsibilities will be in

the areas of distribution and marketing in the United States, and he will not be involved in the capital financing or the manufacturing end of the business.

Specific deterrence should also not be a major issue here because of Mr. Matin's personal and health situation. He is a 55 year old man who has spent the last 19 months in custody. In addition to the need for shoulder surgery which was discussed above, he has extremely serious health issues. Since he has been detained in this case, he has been diagnosed with heart problems, specifically irregular heartbeats, and may need a pacemaker. His heart problems and likely need for shoulder surgery are not being addressed in the custodial setting, and Mr. Matin intends to address these medical needs upon his release.

**Conditions of Mandatory Supervised Release**

It is necessary to consider the conditions of mandatory supervised release in Mr. Matin's case. There are no objections to the Mandatory Conditions identified in the Presentence Report. There are no objections to the impositions of the following numbered Discretionary Conditions on pages 16-18 of the Presentence Report: 2, 4, 5, 6, 8, 15, 16, 17, and 18.

The Defendant does have an objection, or in the alternative a request for modification, concerning Discretionary Condition #14. As currently worded, Mr. Matin must remain within the jurisdiction where he will be supervised, unless granted permission to leave by the court or a probation officer. Mr. Matin's planned employment, by its very nature, involves travel. His position would involve a trip to England for an annual international sales meeting, and a trip to Bangladesh for an annual company meeting. Mr. Matin would like permission to attend these two meetings.

4

Domestic travel within the United States is much more necessary to the new job. This would involve regular travel to various cities in the United States to sell the clothing products of the company to distributors and retail outlets. It will be vital that Mr. Matin be allowed to travel domestically. The Defendant would certainly comply with all conditions such as advance submission of his travel and lodging itinerary to his probation officer and other similar requirements the Court might suggest. He is strongly requesting that the conditions of his supervised release allow him to maintain this employment which requires domestic travel.

      The Defendant has no objection to Special Conditions 3, 6, 7, 10, and 11 on pages 19 to 21 of the Presentence Report. However, he does have a request to modify proposed Special Condition #5, which, as currently worded, prohibits him from incurring new credit charges or open additional lines of credit without the approval of a probation officer unless the defendant is in compliance with the financial obligations imposed by this judgment. First, Mr. Matin has no objections to prohibitions on loans or lines of credit, but Mr. Matin requests that he be allowed to maintain a personal credit card account because the current reality of life in the United States makes this a necessity. More specifically to his situation, such a credit card is needed to travel via plane or car rental and to make hotel arrangements. Secondly, and for the sake of clarity, Mr. Matin would ask to modify the phrase "financial obligations" in that condition to "**monthly** financial obligation." He is requesting that he be allowed to use a credit card as long as he is fulfilling his monthly installment payment toward restitution, and that he not be prohibited from obtaining a credit card at all until his entire restitution is repaid.

      **Conclusion**

Mr. Matin continually expresses to counsel that at the age of 55 he has learned his lesson, that he will never again make the mistakes he made in this case, mistakes that landed him in prison. His health has seriously deteriorated while he has been incarcerated.

The government is recommending a sentence within the guideline range of 27-33 months. Under the advisory guideline scheme, the Court must consider the guidelines, but is free to impose a sentence outside the advisory guideline range.

As stated earlier, it is the function of the Court to fashion a sentence which is sufficient but not greater than necessary, to achieve the goals and criteria of § 3553. In this case, Mr. Matin has been in custody for over 19 months. The incremental effect of additional incarceration on a 55 year old man will have little impact. Addressing his health needs for heart treatment and shoulder surgery is much more necessary, imminent, and impactful.

Based on the factors set forth above, Mr. Matin is requesting a reasonable sentence of no more than 22 months.

                                                               Respectfully submitted,

                                                               _____/s/_____
                                                                Robert A. Loeb
                                                               Attorney for Javeed Matin

Robert A. Loeb
190 S. LaSalle St.
Suite 520
Chicago, IL 60603
312-368-0611
robertloeb@att.net

NOTICE OF FILING

TO: AUSAs Kaarina Salovaara
U.S. Attorney's Office
219 S. Dearborn, 5th Floor
Chicago, IL 60604

PLEASE BE ADVISED that on July 11, 2015 , I caused to be filed on the Court's Pacer/ECF system, the Sentence Memorandum and Objections to Pre-Sentence Report. True and correct copy is attached hereto and hereby served upon you.

Respectfully submitted,

\_\_\_/s/_____
Robert A. Loeb

Robert A. Loeb
Attorney for Defendant Javeed Matin
190 S. LaSalle St., Suite 520
Chicago, IL 60603
312-369-0611

Certificate of Service

I, Robert A. Loeb, an attorney certify that on July 11, 2015, the attached copy of the documents stated above were delivered electronically, to A.U.S.A.Salovaara, 219 S. Dearborn, Suite 500, Chicago, IL 60604, and were hand-delivered to the chambers of Judge Coleman on next business day.


_____/s/_____
Robert A. Loeb

Robert A. Loeb
Attorney for Javeed Matin
190 S. LaSalle St., Suite 520
Chicago, IL 60603
(312) 368-0611